Opinion of the Court by
Judge Mills.
[Absent Chief Justice Bibb.]
Thurman, the defendant in error, declared against Perrin, the plaintiff, in covenant, founded on a writing signed by Perrin, to the following effect:
“So soon as John C. Thurman, removes all incumbrances whatsoever, on the home and lot now orrupied by him in the town of Stanford as a tavern, and which lot adjoins the pulic square at the east, (will the exception of the clerk’s office, and the ground on which it stands,) and conveys the same, or shall cause those persons, who hold liens on the said house and lot, to relinguish and convey their titles, whether equitable or legal, to me. I do hereby covenant, grant and agree, to and with Silas T. Thurman, his heirs and assigns, that I will deliver to him one hundred and one single barrels of whiskey, which are now in my cellar.”
Some other stipulations were added which need not be recited.
The declaration, after setting out use covenant, averred generally in the words of the covenant, “that the said John C Thurman had removed all incumbrances whatsoever on the house and lot, and the ground on which it stands, and conveyed the same to the defendant, and had also caused all persons who held liens on the said house, and lot, to relinquish and convey their titles, whetner legal or equitable to the defendants all which conveyances were received by him, on a particular day before the commencement of the suit” The declaration then proceeds to set out a demand for the whiskey and a refusal to deliver it, in the words of the covenant.
The counsel for defendant demurred to this declaration and the court over died it.
Plea.
Demurrer to defendant’s plea sustained.
Plea to an action on a covenant to pay so much as soon as covenantee would remove all liens upon the land and convey it, that there was a lien by a fieri facias in the hands of the Sheriff, without shewing the fi. fa. came to the Sherriff’s hand, before the conveyance, is insufficient.
*177 The defendant then pleaded several pleas but one of which need be recited. It, is to this effect:
“ That John C. Thurman had not removed all incumbrances on said house and lot, nor had he caused those persons holding liens upon said estate to convey the same; but títere yet remained at and since the commencement of the action, a lien and incumbrance upon said lot, to wit, an execution issued from the clerks office of the Cumberland circuit court, with an endorsement thereon for paper, in favor of Susanna Lee, assignee of George Elgin, against the estate of William C. Thurman and John C. Thurman, for the sum of dollars, which was levied upon the house and lot in the declaration mentioned, which was advertised for sale on the day of by the Deputy Sheriff of Lincoln, and the same was valued by commissioners according to law, but which was not sold for want of bidders, as the return of the sheriff would shew, which execution created a lien and incumbrance which was not removed.”
Protect is made of the execution and judgment, &c.
To this plea the plaintiff demurred and the court sustained that demurrer. A. verdict and judgment having been rendered for the plaintiff below, the defendant in that court has prosecuted this writ of error.
We shall consider the demurrer to the plea as it involves both the validity of the plea and the declaration, and altho’ the declaration may be bad, yet to avoid future embarrassment in the cause, it becomes necessary to consider the validity of the plea. If the execution relied on could create alien at all, the plea is defective in not shewing when it was levied, or rather when it came to the hands of the officer. It is averred in the declaration that the lot was conveyed to the defendant before action brought. This averment is not denied by the plea, and of course must be taken as true. From any thing that appears by the plea, this execution, however valid, might have reached the hands of the of *178 ficer after this conveyance, and if it did, it could create no lien against a title properly conveyed to the defendant below. There is an absence of any allegation, and one that has an appearance of caution, fixing the time when this execution first arrived to the officer’s hands. It is averred that it was before the commencement of the action. This it might well be and yet take no effect upon the house and lot conveyed. It was incumbent upon the defendant below to shew a subsisting lien against the title when conveyed, and for not doing it, admiting the declaration to be valid, as seems to have been supposed by the court below, it was right to overrule the plea.
It is generally sufficient to assign the breach in the words of the covenant, but not so of the performance of a condition precedent.
An averment of the performance of a condition precedent, must be with such certainty as to enable the court to decide whether the intent has been fulfilled.
But whether the declaration is good (a question presented on both demurers,) is an enquiry of a different nature.
It is insisted on the part of the defendant in error, that the averment of the performance of the precedent condition in this covenant, is made in the precise language of the covenant itself, and that it has been uniformly held by this court that such averments were good. Had it been alleged that breaches in the words of the covenant have been generally held good by this court, we should not hesitate. to assent to the proposition. But that there is a uniform current of decisions settling, that it is generally sufficient to aver the performance of a precedent condition in the words of the covenant, we are disposed to controvert.
For it will be seen by an examination of the authorities that greater particularity has been held necessary in the latter case than in the former. Chitty in his treatise on pleading, lays it down, Vol. 1, pa. $16. Marg. “that where it is necessary, on the part of the plaintiff to aver performame, it must be shewn to have been according to the intent of the contract,” for, say the same writer, “it is not sufficient to pursue the words, if the intent be not also performed”—and an exact performance must also be stated, as on a promise in consideration that the plaintiff would procure the loan of £20, for *179 one year, it is not sufficient to allege that he procured part at one time and part at another, for he ought to procure the whole for one year, and performance ought to be shewn with such certainty that the court may judge whether the intent of the covenant has been duly fulfilled, as in consideration that the plaintiff would acquit A. of a debt; it is not sufficient to say that he acquitted him without shewing how, to wit, by deed.”
Where such conditions are to remove incumbrances, and convey the estate, the declaration must shew how the incumbrances were removed, and that the conveyance was by deed.
As to the effect of a demurrer declaration which was withdrawn after overruled.
It is no answer to an error of the court in sustaining the declaration on demurrer, that the question so erroneously decided, necessarily occurred on the trial of the issue of facts decided by the jury, and might have been there rightly ruled.
*179 The reason of this exactness is easily perceived, and embraces the case under consideration. An acquittance from a debt can only be given by a release properly executed, and therefore it was necessary to shew that A. was acquitted in the only manner held valid in law. So in this case, the incumbrances which John C. Thurman were to remove, must be matters of record, or by deed. and therefore it ought to have been specially shewn that they were removed in the way which the law deems necessary to discharge them. The liens also, such as are described in this contract, which must be relinquished conveyed, as tides, must be shewn to be extinguished by such deeds as would forever quiet them.
The plaintiff ought also to shew that J. C. Thurman had conveyed by deed, sufficient to pass the title in fee simple, especially as incumbrances, liens, or titles of land can generally be done away and passed, only by deed. For this reason, the declaration is deemed insufficient.
In answer to this objection it has been ingeniously contended in argument, that as the defendant was indulged in a plea negativing the words of the covenant, he might avail himself of any supposed defects in tbe removal of the liens and incumbrances and conveyance of the estate, and therefore, he ought, not to have the double advantage of reversing the judgment for the same defects in his declaration.
To this it may be replied, that the defendant was entitled to a trial of those things, as matters of law on the face of the pleadings, by the court, and was not bound to bring them before the jury. To reach *180 this legal advantage be demurred before verdict, and the plaintiff also involved the sufficiency of his declaration in his demurrer to the defendant’s plea; and this court is bound to go back and correct this first error, and give to the defendant the advantage he then lost by the decision of the court below. If this verdict had been rendered before any such question was made, it might probably have cured the defects in the declaration, and both this and the court below might have been constrained to adjudge the defects cured; and the declaration held good, as setting forth a good title, defectively. But as the defendant availed himself of the error sooner, the declaration cannot be sustained.
Crittenden for plaintiff; Mayes for defendant.
The judgment must, therefore, be reversed with costs, and the verdict be set aside, and the cause remanded, with directions to the court below to adjudge the demurrers for the defendant, unless the plaintiff shall amend his declaration.